| | |
|---|---|
| JOHN C. POFFENBARGER, in his capacity as Trustee of the ARTHUR L. POFFENBARGER IRREVOCABLE TRUST DATED 7/9/98, AS AMENDED AND RESTATED<br>815 Saddleback Lane, NE<br>Leesburg, VA 20176 | IN THE<br><br>CIRCUIT COURT<br><br>FOR<br><br>BALTIMORE COUNTY |

\* IN THE

\* 

\* CIRCUIT COURT

\* 

\* FOR

\* 

\* BALTIMORE COUNTY

JOHN C. POFFENBARGER, in his capacity
as Trustee of the ARTHUR L.
POFFENBARGER IRREVOCABLE TRUST
DATED 7/9/98, AS AMENDED AND
RESTATED
815 Saddleback Lane, NE
Leesburg, VA 20176

and

THOMAS W. POFFENBARGER, in his
capacity as Trustee of the ARTHUR L.
POFFENBARGER IRREVOCABLE TRUST
DATED 7/9/98, AS AMENDED AND
RESTATED
3900 Becklysville Road,
Hampstead, MD 21074

       Plaintiffs,

v.

NORTHWESTERN MUTUAL
720 East Wisconsin Avenue
Milwaukee, WI 53202

SERVE ON:
   Maryland Insurance Administration
   200 St. Paul Place, Suite 2700
   Baltimore, Maryland 21202

       Defendant.

Case No.: 03-C-18-008506 CN

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

    Plaintiffs John C. Poffenbarger, in his capacity as Trustee of the Arthur L. Poffenbarger

Irrevocable Trust dated 7/9/98, as amended and restated (the "Trust") and Thomas W.

Poffenbarger, in his capacity as Trustee of the Trust (together the "Trustees"), by their attorneys,

file this Complaint as follows:

6278477.1 39781/137522 08/23/2018

## PARTIES

1.      Plaintiff John C. Poffenbarger ("John") is an adult individual filing suit in his capacity as the Trustee of the Trust, residing in Loudon County, Virginia.

2.      Plaintiff Thomas W. Poffenbarger ("Tom") is an adult individual filing suit in his capacity as the Trustee of the Trust, residing in Carroll County, Maryland.

3.      Northwestern Mutual ("Northwestern") is a Wisconsin insurance company with its principal place of business in Milwaukee, Wisconsin, registered with the Maryland Insurance Administration to do business in Maryland.

## JURISDICTION AND VENUE

4.      This Court has personal jurisdiction pursuant to §6-103 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland.

5.      Venue is proper in this Court.

## GENERAL ALLEGATIONS

6.      Northwestern sold Dr. Arthur L. Poffenbarger ("Dr. Poffenbarger") five life insurance policies: 1) policy number 3-368-481, issued on June 6, 1945; 2) policy number 5-001-974, issued on February 8, 1958; 3) policy number 5-164-664, issued on September 21, 1959; 4) policy number 5-792-825, issued on December 23, 1965; and 5) policy number 6-960-055, issued on February 8, 1975 (collectively, the "Policies").

7.      The Policies have a death benefit value of approximately $202,567.00.

8.      Dr. Poffenbarger created the Trust through the execution of a Trust Declaration dated July 9, 1998, naming himself as Grantor and Trustee.

9.      Dr. Poffenbarger made the Trust the beneficiary of the Policies.

10.     In early 2011, Dr. Poffenbarger named John and Tom as his Co-Trustees and also the beneficiaries of the Trust.

2

11.     Dr. Poffenbarger also named John as his agent under a Maryland Statutory Form Limited Power of Attorney ("PoA")

12.     In early 2011, John contacted Northwestern to notify them about the changes in the Trust structure.

13.     In early 2011, Northwestern confirmed to John that the Trust was the beneficiary of the Policies.

14.     In early 2011, Dr. Poffenbarger submitted a "Designation of Beneficiaries by Owner for Death Proceeds Only" form (the "Beneficiary Form") listing the amended Trust as the beneficiary of all of the Policies and attaching copies of the amended Trust documents.

15.     In February or March 2011, Northwestern asserts it sent a letter via regular mail rejecting the Beneficiary Form and asking that Dr. Poffenbarger resubmit the information about the amended Trust.

16.     Northwestern made no further efforts to contact Dr. Poffenbarger regarding the beneficiary of the Policies.

17.     Northwestern has had knowledge that the Trust was the beneficiary of the Policies since 1998. While the Trust was amended and restated, it remained the beneficiary of the Policies.

18.     Dr. Poffenbarger died on April 1, 2018.

19.     Later that month, John called Northwestern to notify them of Dr. Poffenbarger's death and to determine how the Trust could file a claim for the proceeds of the Policies.

20.     Northwestern informed John that the Trust was not listed as the beneficiary of the Policies and that it would not disburse the proceeds of the Policies to the Trust.

21.     John contested Northwestern's determination regarding the beneficiary of the Policies. Via counsel, John requested that Northwestern implead the proceeds of the Policies to a court until the dispute could be resolved.

22.     In July 2018, John was informed that the majority of the proceeds of the Policies had been disbursed to someone other than the Trust.

23.     Northwestern has refused to disclose to whom the proceeds were disbursed.

## COUNT ONE
### (Breach of Contract of a Life Insurance Policy)

24.     Paragraphs 1 through 23 are incorporated by reference, as if fully restated herein.

25.     Over the course of several decades, Dr. Poffenbarger purchased the Policies from Northwestern, creating a series of contracts pursuant to which Northwestern was obligated to pay the proceeds of the Policies to Dr. Poffenbarger's selected beneficiaries at the time of his death.

26.     Dr. Poffenbarger selected the Trust to be the beneficiaries of the Policies in 1998.

27.     At the suggestion of Northwestern, Dr. Poffenbarger completed a Beneficiary Form and submitted amended Trust documents to ensure that Northwestern had the most current version of the Trust.

28.     The Trust is and has been the beneficiary of the Policies since 1998, as confirmed by Northwestern in 2011.

29.     Upon Dr. Poffenbarger's death, Northwestern refused to disburse the proceeds of the Policies to the Trust, contrary to Dr. Poffenbarger's intentions and the Beneficiary Form he submitted in 2011.

30.     As the intended beneficiary of the Policies, the Trust is entitled to the full amount of the Policies.

6275477.1 39781/137522 08/23/2018

31.    Northwestern's refusal to disburse the funds to the Trust is a breach of the contract made with Dr. Poffenbarger.

WHEREFORE, the Trustees request that this Court:

A.  Enter judgment that the Trust is the intended beneficiary of the Policies.

B.  Direct Northwestern to pay the full amount of the proceeds of the Policies to the Trust.

C.  Enter such other and further relief as the Court may deem just and proper.

### COUNT TWO
### (Promissory Estoppel)

32.    All of paragraphs 1 through 31 are incorporated by reference as if fully restated herein.

33.    In February 2011, Northwestern confirmed to John, as Dr. Poffenbarger's agent, that the Trust was the designated beneficiary of the Policies.

34.    Dr. Poffenbarger and John justifiably relied upon Northwestern's statements that the Trust was the beneficiary of the Policies Dr. Poffenbarger owned.

35.    Dr. Poffenbarger submitted the Beneficiary Form and amended Trust documentation at the suggestion of Northwestern and believed that this ensured his wishes were carried out following his death.

36.    The Trustees and Dr. Poffenbarger at all times believed that Northwestern would distribute the proceeds of the Policies according to Dr. Poffenbarger's wishes.

37.    Dr. Poffenbarger, with the Trustees, reviewed annual account summaries and did everything they were told was necessary to ensure that the Policies were maintained for the ultimate benefit of the Trust.

38.     The Trustees have now attempted to make a claim on the Policies, which Northwestern has repeatedly wrongfully denied. Injustice will result if the intent of Dr. Poffenbarger's decision to leave the benefits of the Policies to the Trust is not enforced.

39.     As a result of Northwestern's refusal to acknowledge that Dr. Poffenbarger intended for the Trust to be the beneficiary of the Policies, the Trust has suffered damages in the amount of approximately $200,000 because the proceeds of the Policies have been disbursed to someone else.

WHEREFORE, the Trustees request that this Court:

A.  Enter judgment that the Trust is the intended beneficiary of the Policies.

B.  Direct Northwestern to pay the full amount of the proceeds of the Policies to the Trust.

C.  Enter such other and further relief as the Court may deem just and proper.

Alexandria K. Montanio #1612140090
Jerrold A. Thrope #8105010249
Gordon Feinblatt LLC
233 East Redwood Street
Baltimore, MD 21202
(410) 576-4131
Fax: (410) 576-4269
jthrope@gfrlaw.com
amontanio@gfrlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF NO RESTRICTED INFORMATION

    I HEREBY CERTIFY that the foregoing submission does not contain any restricted information or, if this submission does contain restricted information, then a redacted submission has been filed contemporaneously herewith in accordance with Maryland Rule 20-201(f)(2).

Alexandria K. Montanio

IN THE CIRCUIT COURT FOR Baltimore County
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).

*__THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING__*

FORM FILED BY:☒PLAINTIFF ☐DEFENDANT    CASE NUMBER_____
(Clerk to insert)

CASE NAME: John C. Poffenbarger, Trustee, et al.   vs.   Northwestern Mutual
Plaintiff                                    Defendant

PARTY'S NAME: John C. Poffenbarger and Thomas W. Poffenbarger   PHONE:_____

PARTY'S ADDRESS:_____

PARTY'S E-MAIL:_____

**If represented by an attorney:**

PARTY'S ATTORNEY'S NAME: Alexandria K. Montanio _____ PHONE: 410-576-4278

PARTY'S ATTORNEY'S ADDRESS: 233 E. Redwood Street, Baltimore, MD 21202

PARTY'S ATTORNEY'S E-MAIL: amontanio@gfrlaw.com

JURY DEMAND? ☐Yes ☒No

RELATED CASE PENDING? ☐Yes ☒No  If yes, Case #(s), if known:_____

ANTICIPATED LENGTH OF TRIAL?: _____hours  2 days

### PLEADING TYPE

New Case: ☒Original,     ☐Administrative Appeal   ☐Appeal
Existing Case: ☐Post-Judgment   ☐Amendment
*If filing in an existing case, skip Case Category/ Subcategory section - go to Relief section.*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (*Check one box.*)

**TORTS**
- ☐ Asbestos
- ☐ Assault and Battery
- ☐ Business and Commercial
- ☐ Conspiracy
- ☐ Conversion
- ☐ Defamation
- ☐ False Arrest/Imprisonment
- ☐ Fraud
- ☐ Lead Paint - DOB of Youngest Plt:_____
- ☐ Loss of Consortium
- ☐ Malicious Prosecution
- ☐ Malpractice-Medical
- ☐ Malpractice-Professional
- ☐ Misrepresentation
- ☐ Motor Tort
- ☐ Negligence
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability
- ☐ Specific Performance
- ☐ Toxic Tort
- ☐ Trespass
- ☐ Wrongful Death

**CONTRACT**
- ☐ Asbestos
- ☒ Breach
- ☐ Business and Commercial
- ☐ Confessed Judgment (Cont'd)
- ☐ Construction
- ☐ Debt
- ☐ Fraud

- ☐ Government
- ☐ Insurance
- ☐ Product Liability

**PROPERTY**
- ☐ Adverse Possession
- ☐ Breach of Lease
- ☐ Detinue
- ☐ Distress/Distrain
- ☐ Ejectment
- ☐ Forcible Entry/Detainer
- ☐ Foreclosure
  - ☐ Commercial
  - ☐ Residential
  - ☐ Currency or Vehicle
  - ☐ Deed of Trust
  - ☐ Land Installments
  - ☐ Lien
  - ☐ Mortgage
  - ☐ Right of Redemption
  - ☐ Statement Condo
- ☐ Forfeiture of Property / Personal Item
- ☐ Fraudulent Conveyance
- ☐ Landlord-Tenant
- ☐ Lis Pendens
- ☐ Mechanic's Lien
- ☐ Ownership
- ☐ Partition/Sale in Lieu
- ☐ Quiet Title
- ☐ Rent Escrow
- ☐ Return of Seized Property
- ☐ Right of Redemption
- ☐ Tenant Holding Over

**PUBLIC LAW**
- ☐ Attorney Grievance
- ☐ Bond Forfeiture Remission
- ☐ Civil Rights
- ☐ County/Mncpl Code/Ord
- ☐ Election Law
- ☐ Eminent Domain/Condemn.
- ☐ Environment
- ☐ Error Coram Nobis
- ☐ Habeas Corpus
- ☐ Mandamus
- ☐ Prisoner Rights
- ☐ Public Info. Act Records
- ☐ Quarantine/Isolation
- ☐ Writ of Certiorari

**EMPLOYMENT**
- ☐ ADA
- ☐ Conspiracy
- ☐ EEO/HR
- ☐ FLSA
- ☐ FMLA
- ☐ Workers' Compensation
- ☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
- ☐ Assumption of Jurisdiction
- ☐ Authorized Sale
- ☐ Attorney Appointment
- ☐ Body Attachment Issuance
- ☐ Commission Issuance

- ☐ Constructive Trust
- ☐ Contempt
- ☐ Deposition Notice
- ☐ Dist Ct Mtn Appeal
- ☐ Financial
- ☐ Grand Jury/Petit Jury
- ☐ Miscellaneous
- ☐ Perpetuate Testimony/Evidence
- ☐ Prod. of Documents Req.
- ☐ Receivership
- ☐ Sentence Transfer
- ☐ Set Aside Deed
- ☐ Special Adm. - Atty
- ☐ Subpoena Issue/Quash
- ☐ Trust Established
- ☐ Trustee Substitution/Removal
- ☐ Witness Appearance-Compel

**PEACE ORDER**
- ☐ Peace Order

**EQUITY**
- ☐ Declaratory Judgment
- ☐ Equitable Relief
- ☐ Injunctive Relief
- ☐ Mandamus

**OTHER**
- ☐ Accounting
- ☐ Friendly Suit
- ☐ Grantor in Possession
- ☐ Maryland Insurance Administration
- ☐ Miscellaneous
- ☐ Specific Transaction
- ☐ Structured Settlements

CC-DCM-002 (Rev. 04/2017)          Page 1 of 3

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

| | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Liability | ☐ Specific Performance |
| ☐ Arbitration | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Asset Determination | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Attachment b/f Judgment | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Cease & Desist Order | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Condemn Bldg | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Contempt | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☐ Court Costs/Fees | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☒ Damages-Compensatory | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |
| ☐ Damages-Punitive | ☐ Judgment-Default | ☐ Reinstatement of Employment | |

*If you indicated **Liability** above,* mark one of the following. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐Liability is conceded. ☐Liability is not conceded, but is not seriously in dispute. ☐Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000      ☐ $10,000 - $30,000      ☐ $30,000 - $100,000      ☒ Over $100,000

☐ Medical Bills $_____      ☐ Wage Loss $_____      ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation     ☒Yes  ☐No          C. Settlement Conference   ☒Yes  ☐No
B. Arbitration   ☐Yes  ☐No          D. Neutral Evaluation      ☐Yes  ☐No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*          ***(Case will be tracked accordingly)***

☐ 1/2 day of trial or less          ☐ 3 days of trial time

☐ 1 day of trial time               ☐ More than 3 days of trial time

☒ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited**- Trial within 7 months of       ☐ **Standard** - Trial within 18 months of
Defendant's response                            Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE
## MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of          ☐ **Standard** - Trial within 18 months of
Defendant's response                                   Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff_____ . |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☒ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

8 -23-18
_____
Date

233 E. Redwood Street
_____
Address

Baltimore          MD     21202
_____
City        State    Zip Code

*Alexandria Montano*
_____
Signature of Counsel / Party

Alexandria K. Montanio
_____
Printed Name